Chris **BELLASPICA**, for himself and all others similarly situated, Plaintiff,

v.

**PJPA, LLC, Defendant.**

Civ. No. 13–3014.

United States District Court, E.D. Pennsylvania.

Signed March 11, 2014.

David J. Cohen, Wayne A. Ely, Kolman Ely PC, Penndel, PA, Jeremiah Frei–Pearson, Todd S. Garber, D. Greg Blankinship, Meiselman Packman Nealon Scialabba & Baker PC, White Plains, NY, for Plaintiff.

## ORDER

PAUL S. DIAMOND, District Judge.

On October 24, 2013, named Plaintiff, Chris Bellaspica, filed a Motion for Condi-

tional Certification of Class. (Doc. No. 29.) I will grant the Motion.

## I. BACKGROUND

This action is brought under the Fair Labor Standards Act. 29 U.S.C. § 201 *et seq.* Bellaspica and the proposed opt-in plaintiffs were delivery drivers for Defendant PJPA, LLC, a Papa John's Pizza franchisee that owned 53 restaurants during the class period. Bellaspica alleges that two of Defendant's policies reduced its drivers' wages below the lawful minimum: (1) inadequate reimbursement of automotive expenses incurred in making deliveries; and (2) excessive non-tipped work performed in-store. (Doc. No. 29–1, at 5.)

## II. LEGAL STANDARD

■■■ An employee alleging an FLSA violation may bring a collective action on "behalf of himself ... and other employees similarly situated," subject to the requirement that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Accordingly, unlike an opt-out class action brought pursuant to Rule 23(b)(3), a collective action brought under the FLSA is an "opt-in" action. *Barrios v. Suburban Disposal, Inc.,* Civ. No. 12–03663 WJM, 2013 WL 6498086, at *2 (D.N.J. Dec. 11, 2013). The district court has discretion to authorize notice to potential opt-in plaintiffs by conditionally certifying the matter as a collective action. *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

■■■ To qualify for conditional certification, Bellaspica must make the "modest factual showing" that he and the proposed opt-ins are similarly situated. *Symczyk v. Genesis HealthCare Corp.,* 656 F.3d 189,

192 (3d Cir.2011); *see also Smith v. Sovereign Bancorp, Inc.,* Civ. No. 03–2420, 2003 WL 22701017, at *3 (E.D.Pa. Nov. 13, 2003) (requiring "basic factual showing that the proposed recipients of opt-in notices are similarly situated to the named plaintiffs"). "Under the 'modest factual showing' standard, a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk,* at 193 (internal citations omitted). This is a "fairly lenient standard." *Camesi v. Univ. of Pittsburgh Med. Ctr.,* 729 F.3d 239, 243 (3d Cir.2013). Even after I conditionally certify, I may, after discovery, revisit the question of whether Bellaspica and the opt-ins are similarly situated. *Symczyk,* at 193.

## III. ANALYSIS

### A. Inadequate reimbursement theory

Under the FLSA, employees who use their personal vehicles for work must be reimbursed for vehicle-related costs if not doing so would cause their net earnings to drop below the minimum wage. 29 C.F.R. § 531.35. The Parties agree that all Defendant's delivery drivers were reimbursed at the same flat rate per delivery: $1.00 during the class period. (Doc. No. 29–1, at 12; Doc. No. 36, at 12.) Based on a review of the Daily Reports that Defendant's managers complete, Bellaspica alleges that drivers traveled an average of 5 to 10 miles per delivery. (Doc. No. 29–1, at 9.) Accordingly, he calculates that drivers were reimbursed approximately 10 to 20 cents per mile, well below the rate of 58 cents per mile at which Defendant reimburses its executives and which the IRS employed during the class period. (*Id.,* at 6–7, 14.) Bellaspica thus alleges that Defendant forced its drivers to absorb vehi-

cle-related costs to the point that their net earnings fell below the minimum wage.

Defendant argues that determining whether any particular driver's net pay actually fell below the required minimum requires individualized inquiry because, *inter alia*, the particular tips received, type of vehicle used, and specific routes taken vary from driver to driver. (Doc. No. 36, at 18, 21–22.) Defendant also argues, on the basis of deposition testimony, that the mileage figures in the Daily Reports are arbitrary, making them an unreliable basis on which to estimate actual driver expenses. (*Id.*, at 24–25.) Defendant thus maintains that collective treatment is not appropriate.

■ Bellaspica and all the proposed opt-in plaintiffs were reimbursed at the same flat rate. The individual variations that Defendant points to do not impugn this common fact, and are not sufficient, at least at this stage of the proceedings, to defeat certification. *See Smith v. Pizza Hut, Inc.*, Civ. No. 09–01632–CMA–BNB, 2012 WL 1414325, at *5 (D.Colo. Apr. 21, 2012) (quoting *Sanchez v. La Cocina Mexicana, Inc.*, Civ. No. 09–9072, 2010 WL 2653303, at *1 (S.D.N.Y. July 1, 2010) (conditionally certifying delivery driver class because individual variations in wages and vehicle expenses were "not sufficient to preclude joining the claims in one action")); *Perrin v. Papa John's Int'l, Inc.*, Civ. No. 09–01335 AGF, 2011 WL 4089251, at *4–5 (E.D.Mo. Sept. 14, 2011) (conditionally certifying delivery driver class even though drivers were reimbursed under slightly different policies and "[did] not know the actual effective rate of pay they received, and [could not] provide definite information as to the automobile expenses they actually incurred"); *Luiken v. Domino's Pizza, LLC*, Civ. No. 09–516 (DWF/AJB), 2010 WL 2545875, at *5 (D.Minn. June 21, 2010) (conditionally certifying delivery driver class based on affidavits that drivers had been "compensated for deliveries at a flat-rate on a per delivery basis and [were] owed compensation").

Even if Defendant is correct that the Daily Reports are not accurate, three deponents testified that drivers travel at least 5 miles per delivery, thus confirming Bellaspica's allegations. (Doc. No. 29–1, at 12–13.) In any event, Defendant cannot use its admitted failure to keep accurate records as a means to avoid liability. *Chan v. Sung Yue Tung Corp.*, Civ. No. 03–6048(GEL), 2007 WL 313483, at *23 (S.D.N.Y. Feb. 1, 2007) ("[A]n employers failure to keep accurate records can obscure a multitude of minimum wage and overtime violations [under the FLSA].") (internal quotation marks and citations omitted). Accordingly, I will conditionally certify this action under the theory of inadequate reimbursement.

## B. Excessive non-tipped work theory

The FLSA requires employers to pay a minimum hourly wage of $7.25. 29 U.S.C. § 206(a)(1)(C). The FLSA clarifies this rule, however, for "tipped employees," who may be paid as little as $2.13 an hour if they receive sufficient tips to make up the difference. 29 U.S.C. § 203(m). Moreover, a "tip credit" may apply to a tipped employee's occasional related work that is not tipped. 29 C.F.R. § 531.56(e).

■ Defendant paid its tipped employees—including its delivery drivers—$6.00 an hour. (Doc. No. 36, at 11.) Bellaspica alleges that because drivers spent approximately one-third of their time performing in-store tasks that were not tipped, however, their overall wage fell below the lawful minimum. (*Id.*) Bellaspica notes that Papa John's corporate stores pay their drivers $7.25 an hour for time spent performing in-store tasks. (*Id.* at 7.)

Defendant does not deny that its delivery drivers were regularly required to perform non-tipped work in its stores at $6.00 an hour. Rather, Defendant argues only that individual scheduling differences preclude collective treatment. (*Id.*, at 29.) Again, I find Defendant's argument unpersuasive at this stage. *See Fast v. Applebee's Int'l. Inc.*, 243 F.R.D. 360, 363 (W.D.Mo.2007) (conditionally certifying case involving excessive non-tipped work claim and rejecting defendant restaurant's argument that "its servers and bartenders are not similarly situated because each restaurant's manager schedules its employees and assigns them job duties independently"). Accordingly, I will conditionally certify this action under the theory of excessive non-tipped work.

**AND NOW**, this 11th day of March, 2014, it is hereby **ORDERED** that Plaintiffs Motion for Conditional Certification (Doc. No. 29) is **GRANTED IN PART** such that:

1. This case is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b);

2. Meiselman, Packman, Nealon, Scialabba & Baker P.C. and Kolman Ely P.C. are approved to serve as Class Counsel in this matter;

3. Within fifteen days of this Order, Defendant shall produce to Plaintiffs' counsel a computer-readable data file containing the names, last known physical addresses, and known e-mail addresses of all delivery drivers it employs are has employed at any time in the last three years so that notice may be facilitated;

4. Plaintiff is authorized to send notice by U.S. First-Class Mail and e-mail to these potential opt-in plaintiffs;

5. The Court approves the Notice and Consent Form that are appended to this Order;

6. Defendant shall not communicate with any members or potential members of the class regarding this litigation; and

7. Potential opt-in Plaintiffs shall have until **June 15, 2014,** to opt-in to this lawsuit.

**AND IT IS SO ORDERED.**